UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

TURONN LEWIS, :
:
      Petitioner :
:
   v. : CIVIL NO. 4:CV-06-1270
:
RONALD HOLT, : (Judge McClure)
:
      Respondent :

**MEMORANDUM AND ORDER**

July 21, 2006

**Background**

      Turonn Lewis ("Petitioner"), an inmate presently confined at the Schuylkill Federal Correctional Institution, White Deer, Pennsylvania ("FCI-Schuylkill"), initiated this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The required filing fee has been paid. For the reasons set forth below, Lewis' petition will be dismissed without prejudice.

      Named as Respondent is FCI-Schuylkill Warden Ronald Holt. Petitioner states that he was convicted of conspiracy to distribute and possess with intent to distribute Fentanyl and Heroin following a 1993 jury trial in the United States District Court for the District of Maryland. During a sentencing hearing, the trial court determined that death and/or bodily injury as contemplated under 21 U.S.C. § 841(b)

1

had occurred as a result of the offense. Petitioner was thereafter sentenced to concurrent terms of life imprisonment. His conviction and sentence were affirmed on direct appeal by the United States Court of Appeals for the Fourth Circuit. Lewis also filed an unsuccessful petition pursuant to 28 U.S.C. § 2255.

Lewis presently argues that he is entitled to federal habeas corpus relief because the death and/or serious bodily injury factor which enhanced his sentence was not charged in the indictment and not proven beyond a reasonable doubt. He adds that the sentence enhancement was imposed under a preponderance of the evidence standard at his sentencing hearing and based on factors which were not adjudicated by the jury. Petitioner adds that he cannot obtain relief under § 2255 because his present action is neither based on newly discovered evidence nor a new rule of constitutional law that has been made retroactive by the Supreme Court. See id. at p. 15. Lewis argues that his § 2255 remedy is ineffective or inadequate since he was convicted under an erroneous interpretation of the law.

In support of his argument for relief, the petition references the United States Supreme Court's decision in Apprendi v. New Jersey, 530 U.S. 466 (2000), and United States v. Booker, 125 S. Ct. 738 (2005). See Record document no. 2, p. 4. In Apprendi, the Supreme Court held that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490. Booker reaffirmed Apprendi adding that the Federal Sentencing Guidelines were not mandates but advisory only. As relief, Lewis seeks a

determination that his § 2255 remedy is inadequate or ineffective and that his § 2241 action be permitted to proceed and transferred to the District of Maryland for disposition on the merits; i.e.,"[ r]etroactive application of the newly announced interpretation of § 841(b)." Id. at p. 8.

## Discussion

Habeas corpus petitions brought under § 2241 are subject to summary dismissal pursuant to Rule 4 ("Preliminary Consideration by the Judge") of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977) (applicable to § 2241 petitions under Rule 1(b)). See, e.g., Patton v. Fenton, 491 F. Supp. 156, 158-59 (M.D. Pa. 1979).

Rule 4 provides in pertinent part: "If it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the petitioner to be notified." A petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself . . . ." Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970). Accord Love v. Butler, 952 F.2d 10, 15 (1st Cir. 1991). The district courts have "a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face." Allen, 424 F.2d at 141.

The usual avenue for federal prisoners seeking to challenge the validity of a

3

federal court conviction or sentence is a § 2255 motion in the sentencing court. In re Dorsainvil, 119 F.3d 245, 249 (3d Cir. 1997). Section 2255 provides in part that "[a]n application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255 (emphasis added).

A § 2255 motion "supersedes habeas corpus and provides the exclusive remedy" to one in custody pursuant to a federal court conviction. Strollo v. Alldredge, 463 F.2d 1194, 1195 (3d Cir.), cert. denied, 409 U.S. 1046 (1972). "Section 2241 'is not an additional, alternative or supplemental remedy to 28 U.S.C. § 2255.'" Myers v. Booker, 232 F.3d 902, 2000 WL 1595967, at *1 (10th Cir. Oct. 26, 2000) (citing Bradshaw v. Story, 86 F.3d 164, 166 (10th Cir. 1996)), cert. denied,122 S.Ct. 1951 (2002).

Only if it is shown that a § 2255 motion "is inadequate or ineffective to test the legality of . . . detention," may a federal inmate resort to § 2241 to challenge the validity of the conviction or sentence.

> It has long been the rule in this circuit that "the remedy by motion [under § 2255] can be 'inadequate or ineffective to test the legality of . . . detention' only if it can be shown that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention."

United States v. Brooks, 230 F.3d 643, 648 (3d Cir. 2000) (citing United States ex rel. Leguillou v. Davis, 212 F.2d 681, 684 (3d Cir. 1954)); see also Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971) (per curiam).  As noted by the Court of Appeals for the Fifth Circuit, a petitioner has the burden to prove that the remedy afforded by § 2255 is inadequate or ineffective.  Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir. 2001) (citing Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir. 2000)).

Satisfaction of this burden cannot be accomplished by showing that a prior § 2255 motion has been denied.  In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998); Tripati v. Henman, 843 F.2d 1160, 1162 (9th Cir.), cert. denied, 488 U.S. 982 (1988); Litterio v. Parker, 369 F.2d 395, 396 (3d Cir. 1966) (per curiam).  In his present petition, Petitioner acknowledges that his present Apprendi-based claim of improper sentence enhancement was previously raised in an application to file a successive § 2255 action.  His request was denied on March 26, 2001.  Thereafter, a similar request for authorization to seek relief under Booker was denied by the Fourth Circuit Court of Appeals on January 18, 2006.  To allow Lewis to file a habeas petition in his district of confinement asserting similar claims raised in a previous unsuccessful applications to file a second or successive § 2255 action would obliterate congressional attempts to promote finality in federal criminal cases.

Triestman v. United States, 124 F.3d 361 (2nd Cir. 1997), and Dorsainvil also addressed what circumstances make a § 2255 remedy inadequate and ineffective. The legislative limitations (either the statute of limitations or gatekeeping provisions

outlined supra at 4-5) placed on § 2255 proceedings simply do not render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. United States v. Brooks, 230 F.3d 643, 647 (3rd Cir. 2000); Dorsainvil, 119 F.3d at 251. "To hold otherwise would simply effect a transfer of forum for the adjudication of successive challenges to the validity of a conviction." Kennemore v. True, Civil No. 98-1175, slip op. at 6. (M.D. Pa. July 28, 1998)(Conaboy, J.).

Both the Triestman and Dorsainvil courts held that a § 2255 motion was only "inadequate and ineffective" (thus allowing a petitioner to bring a § 2241 habeas corpus action) where the denial of a habeas action would raise serious constitutional issues. Triestman, 124 F.3d at 377; Dorsainvil, 119 F.3d at 249. The serious constitutional issue was that a change in substantive law rendered the conduct for which petitioner was convicted no longer criminal. Triestman, 124 F.3d at 366; Dorsainvil, 119 F.3d at 251. Thus, these cases set a high bar for what types of serious constitutional issues are sufficient for courts to allow a petitioner to bring a § 2241 petition to challenge a conviction or sentence.

As previously noted, Lewis admits that his present action is not based on any newly discovered evidence. He also has not established that Apprendi and/or Booker are retroactively applicable to cases on collateral review. Unlike Dorsainvil, and despite Lewis' argument to the contrary, Petitioner's present claims are not premised on any intervening change in substantive law that would negate the criminal nature of his conduct with respect to his federal conviction.

Fundamental to Dorsainvil was the fact that the petitioner may actually be innocent of the crime charged. In this case, Lewis has failed to present any

6

allegations suggesting that he was not involved in the alleged underlying criminal activity. Petitioner's sentencing related claims, namely, that his sentence was improperly enhanced, has nothing to do with the actual question of Petitioner's guilt. He has also not presented any facts to show that the denial of his habeas petition would raise serious constitutional issues.

With respect to his Apprendi/Booker claims, a review of those decisions provides that they have not been made retroactive to cases on collateral review. In Tyler v. Cain, 533 U.S. 656, 663 (2001),[1] the Supreme Court established that a new rule of law is not made retroactive to cases on collateral review unless the Court itself holds it to be retroactive. A review of Apprendi/Booker reveals that there is no indication that said decisions were determined to have retroactive effect.

The Court of Appeals for the Third Circuit, relying on Tyler, has recognized that no Supreme Court case specifically holds that Apprendi is retroactive on collateral review. In Re: Turner, 267 F.3d 225, 231 (3d. Cir. 2001). It is additionally recognized by the Third Circuit Court of Appeals in Okereke v. United States, 307 F.3d 117, 120-121 (3d Cir. 2002), that under Dorsainvil, § 2255 is not inadequate or ineffective to raise Apprendi claims. In conclusion, Petitioner's reliance on Apprendi is misplaced.

---

1. While Tyler specifically addressed the detention of a state prisoner and thus a claim presented under 28 U.S.C. § 2254, the holding applies equally to a federal prisoner's § 2255 claim. This is so because a § 2255 motion is the federal equivalent of a state habeas petition filed pursuant to § 2254 and was intended to mirror § 2254 in operative effect. United States v. Vancol, 916 F. Supp. 372, 377, n.3 (D. Del.)(citing Reed v. Farley, 512 U.S. 339, 353 (1974)). Precedent under § 2254 and § 2255 may be used interchangeably. Vancol, 916 F. Supp. at 377 n. 3 (citing Kaufman v. United States, 394 U.S. 217, 224-27 (1969)).

More recently, the Court of appeals for the Third Circuit held that the <u>Booker</u> decision does not have retroactive effect. See <u>Lloyd v. United States</u>, 407 F. 3d 608, 615-16 (3d Cir. 2005). Since <u>Apprendi</u>/<u>Booker</u> cannot presently be applied retroactively to cases on collateral review, this Court is precluded from considering Lewis' petition. See <u>United States v. Pinkston</u>, 153 F. Supp. 2d 557 (M.D. Pa. 2001).

Based on the foregoing analysis, the fact that <u>Apprendi</u>/<u>Booker</u> were decided after both conclusion of Petitioner's direct appeal and § 2255 action, does not allow him to assert his present claims in a § 2241 petition. Therefore, an application to the United States Court of Appeals for the Fourth Circuit seeking leave to file a second or successive § 2255 motion is the only vehicle available to Petitioner. The petition for writ of habeas corpus will be dismissed without prejudice. Consequently,

**IT IS THEREFORE ORDERED THAT:**

1. The petition for writ of habeas corpus is dismissed without prejudice.
2. The Clerk of Court is directed to close this case.
3. There is no basis for the issuance of a Certificate of Appealability.

    s/ James F. McClure, Jr.
JAMES F. McCLURE, JR.
United States District Judge

8